IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRADLEY M. GANZ AND KARINA GANZ REVOCABLE LIVING TRUST**,<br><br>    Plaintiff,<br><br>    v.<br><br>**AARON HENDERSON** and<br>**JENNIFER HENDERSON**,<br><br>    Defendants. | Case No. 3:25-cv-1587-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

This case involves alleged misrepresentations and omissions during the sale of real property in Idaho. Now before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. At issue is the applicability of the "local action doctrine" to multiple claims brought by Plaintiff, the Bradley M. Ganz and Karina Ganz Revocable Living Trust.[1] Plaintiff purchased property in Kootenai

---

[1] The Complaint's caption identifies the Bradley M. Ganz and Karina Ganz Revocable Living Trust as the Plaintiff, but the allegations of the Complaint identify Plaintiff as Bradley M. Ganz, Trustee of the trust. Generally, a trust can neither sue nor be sued in its own name because the real party in interest is the trustee. *See In re Klein*, 2025 WL 1591289, at *8 (B.A.P. 9th Cir. Jun. 5, 2025); *see also* 76 AM. JUR. 2d Trusts § 601 ("At common law, a trust cannot sue or be

PAGE 1 – ORDER

County, Idaho from Defendants in January 2025 and now claims that Defendants made several misrepresentations and omissions during the course of the sale. Ordinarily, the Court would have subject matter jurisdiction over this case simply because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. But Defendants argue that the local action doctrine restricts jurisdiction over the suit to the District of Idaho, where the real property is located. For the reasons stated below, the Court denies the motion to dismiss.

## STANDARDS

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A motion to dismiss under

---

sued because it is not a juristic person."). But the failure to name a trustee is not a jurisdictional defect depriving courts of the power to act. *See In re Klein*, 2025 WL 1591289, at *8. Courts still have the power to render decisions as to the parties before them. *Id.* Additionally, even where a party is not properly identified in the caption of a complaint, that failure is not fatal if the party is identified in the body of the complaint. *See Yeseta v. Baima*, 837 F.2d 380, 382-83 (9th Cir. 1988). Though the caption "is entitled to considerable weight when determining who the plaintiffs to a suit are since plaintiffs draft complaints," *Williams v. Bradshaw*, 459 F.3d 846, 849 (8th Cir. 2006), if a complaint "names [parties] in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else," *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1086 n. 2 (9th Cir. 1983) (quoting *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947)). In circumstances such as these, courts generally allow amendment of the case caption to correct technical defects. *See, e.g.*, *Rice*, 720 F.2d at 1086; *Peterson v. Mickles*, 2020 WL 214749, at *9 n.13 (D. Or. Jan. 14, 2020). Therefore, pursuant to Rule 15 of the Federal Rules of Civil Procedure, the Court directs Plaintiff to amend the Complaint with a corrected caption reflecting the Trustee(s) of the Bradley M. Ganz and Karina Ganz Revocable Living Trust as Plaintiff(s).

Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction may be either "facial" or "factual." *See Safe Air for Everyone*, 373 F.3d at 1039. A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039)).

Defendants appear to bring a facial challenge to the Court's subject matter jurisdiction.[2] For facial attacks, the Court resolves the Rule 12(b)(1) motion "as it would a motion to dismiss under Rule 12(b)(6)." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Thus, in "determin[ing] whether the [plaintiff's] allegations are sufficient as a legal matter to invoke the [C]ourt's jurisdiction," the Court "[a]ccept[s] the plaintiff's allegations as true and draw[s] all reasonable inferences in the plaintiff's favor." *Id*.

## BACKGROUND

On January 6, 2025, Bradley and Karina Ganz, as individuals, entered into a Purchase and Sale Agreement (the "Agreement") with Defendants to purchase real property at the Gotham Bay Estates community in Kootenai Couty, Idaho (the "Property"). Compl. ¶ 5 (ECF 1 at 10-14); *see also* ECF 6-1 (Agreement). The purchase price was $195,000, including a $57,500 down

---

[2] Defendants do not identify whether they are bringing a facial or factual challenge. Defendants do not contend that any of Plaintiff's jurisdictional allegations are untrue. Thus, Defendant assert a facial challenge. Defendants also filed extrinsic evidence—documents relating to the sale of the subject real property. Defendants, however, argue that these documents have been incorporated by reference into the complaint and therefore are properly considered by the Court in the pending motion. Defendants cite the standard and supporting law applicable to Rule 12(b)(6) motions, which applies only to facial challenges. The Court thus construes Defendants' motion under Rule 12(b)(1) as a facial attack.

payment, a $1,500 water connection fee, and a $5,000 Homeowners Association ("HOA") transfer fee. Compl. ¶ 12. The Property was listed as having access to a municipal or community well system as well as a kayak or canoe "slip" on Lake Coeur d'Alene. *Id*. The Agreement required Defendants to disclose all known material facts affecting the "developability" of the Property, which Plaintiff argues included "issues related to water systems and rights." *Id*. ¶ 6.

Plaintiff claims that Defendants, with and through their real estate agent, Julie Gravatt Leonard, misrepresented and concealed material facts about the Property. *Id*. ¶ 7. Plaintiff states that they relied on those representations and omissions in purchasing the Property, and that the Property is "undevelopable, unmarketable, and unsuitable for its intended residential and recreational purposes." *Id*. ¶¶ 12, 14. Specifically, Plaintiff identifies four misrepresentations or omissions.

First, Plaintiff claims that, before entering the Agreement, Defendants received communication from the Gotham Bay Estates HOA indicating a requirement to execute a quitclaim deed relinquishing individual water rights for the community well system to the HOA. *Id*. ¶ 7(a). That communication included a January 20, 2025 email from the HOA and a subsequent letter from the HOA's law firm on March 15th. *Id*. These writings explained that Gotham Bay Estates' original developer mistakenly failed to transfer the water rights appurtenant to the community's real property to the HOA before selling individual lots to their eventual owners. Compl., Ex. 2 at 1-3. The water system, however, remained in possession of the HOA. *Id.* at 3-4. Consequently, the HOA needed to consolidate ownership of the community's water rights to more efficiently manage the water supply and required residents to convey their water rights to the HOA via quitclaim deed. *Id.* at 1; Compl. ¶ 7(a). Plaintiff states that they believed

PAGE 4 – ORDER

that a private well was viable, that this option was a material condition of their purchase, and that Defendants concealed the underlying water rights issue. Compl. ¶ 7(a).

Second, as a result of the original developer's failure to transfer the community's water rights to the HOA, on September 16, 2024, the HOA filed suit against the developer. *Id.* ¶ 7(b). The HOA alleged breach of contract, violation of the Idaho Consumer Protection Act, fraud, and breach of fiduciary duty. *Id*; *see also* Compl. Ex. 4. Plaintiff claims that Defendants "knew about the litigation before entering into the Agreement but concealed it." Compl. ¶ 7(b). Plaintiff further argues that the existence of the litigation was material to the "developability and marketability" of the Property. *Id*.

Third, Plaintiff alleges that Defendants concealed the fact that the HOA had barred any new connections to the community water system from undeveloped lots, including the Property. *Id.* ¶ 7(c). Plaintiff points to a May 19, 2023, HOA meeting agenda and a March 20, 2025, email from the HOA to the Ganzes describing the prohibition. *Id*; *see also* Compl. Exs. 5-6. Importantly, if Plaintiff was required to convey their water rights to the HOA, depriving them of their ability to drill a private well, and were also unable to connect to the community water system, then the Property presumably would be left with no water source.

Fourth, Plaintiff claims that Ms. Leonard advertised the Property as including a kayak/canoe slip that it did not actually include. Compl. ¶ 7(d). After purchasing the property, Plaintiff states that the HOA informed them that the Property was suitable only for dryland boat storage, as there was no appurtenant in-water storage. *Id*.

Upon discovery of these alleged misrepresentations and omissions, Plaintiff filed suit against Defendants in the Circuit Court for the State of Oregon in the County of Washington, asserting five causes of action: (1) fraud, (2) breach of contract, (3) violation of the Oregon

Unlawful Trade Practices Act ("UTPA"), (4) negligent misrepresentation, and (5) violation of the Idaho Consumer Protection Act ("ICPA"). *Id.* at ¶¶ 15-39. For relief, Plaintiff sought compensatory damages of at least $125,000, "including the Property's diminished value and actual and prospective financial losses." *See id.* ¶ 18. Plaintiff also requested punitive damages under Oregon Revised Statutes § 646.638(1) and Idaho Code § 48-608. Plaintiff further sought attorney's fees and costs under § 33 of the Agreement, Oregon Revised Statutes § 646.638(3), and Idaho Code § 48-608, and requested prejudgment interest. Defendants removed the case to this federal Court.

## DISCUSSION

Defendants argue that each of the Plaintiff's causes of action are "direct[ly] or closely related to real property situated in Idaho," and that under the local action doctrine, "federal district courts cannot exercise jurisdiction over actions directly affecting land in a different state." Mot. to Dismiss, ECF 5 at 4, 5. Plaintiff responds that the local action doctrine applies only to *in rem* actions, that their action "is a straightforward *in personam* action for damages," and therefore that the local action doctrine does not apply. Plaintiff's Opp. Mem., ECF 7 at 1.

"Local actions are in the nature of suits *in rem*, and are to be prosecuted where the thing on which they are founded is situated." *Casey v. Adams*, 102 U.S. 66, 67 (1880); *see also Ellenwood v. Marietta Chair Co.*, 158 U.S. 105, 107 (1895) (noting that a local action "can only be brought within the state in which the land lies"); *Eldee-K Rental Props., LLC v. DIRECTV, Inc.*, 748 F.3d 943, 946 (9th Cir. 2014) (stating that the local action doctrine "vests exclusive jurisdiction over specified types of actions involving real property in the forum where that property is located"). The real property at issue in this case is situated in Idaho. Therefore, if the local action doctrine applies, then the Court lacks subject matter jurisdiction. If, however, this doctrine does not apply, then jurisdiction is appropriate and the Court may hear the case.

The applicability of the local action doctrine hinges on whether the underlying suit is local or transitory. *See, e.g.*, *Eldee-K*, 748 F.3d at 948-49; *Casey*, 102 U.S. at 67-68; *Josevig-Kennecott Copper Co. v. James F. Howarth Co.*, 261 F. 567, 569-70 (9th Cir. 1919). As the name of the doctrine suggests, the local action doctrine applies to local actions, but not to transitory ones. "[A]ctions are deemed transitory, where transactions on which they are founded, might have taken place anywhere; but are local where their cause is in its nature necessarily local." *Livingston v. Jefferson*, 15 Fed. Cas. 660, 664-65 (C.C.D. Va. 1811) (Marshall, C.J.). In determining the nature of the local or transitory claim, the Court looks to the "gravamen of the action" as reflected on face of the complaint. *See Stone v. United States*, 167 U.S. 178, 182 (1897). An action's gravamen is its "substantial point or essence." *See Atlantica Holdings v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 813 F.3d 98, 107 (2d Cir. 2016) (quoting *Black's Law Dictionary* 817 (10th ed. 2014)). In other words, it is the "basis or foundation of a claim, that is, those elements that, if proven, would entitle a plaintiff to relief.'" *See MMA Consultants 1, Inc. v. Republic of Peru*, 719 F. App'x 47, 52 (2d Cir. 2017) (cleaned up). Here, the foundation of the claim is Defendants' alleged misrepresentations and omissions purportedly committed during the sale of the Property.

In *Stone*, the government filed suit for conversion of federal property against John Stone in the District of Washington. 167 U.S. at 179. Mr. Stone faced allegations that he unlawfully cut down trees on public lands in Idaho. *Id.* The government further alleged that Mr. Stone sold the resulting timber, and also manufactured railroad ties from it which he sold. *Id.* Before the U.S. Supreme Court, Mr. Stone argued that because the government's case flowed from a trespass on lands in Idaho, "the action is local to that state, and the district court of the United States for the district of Washington was without jurisdiction." *Id.* at 182. But the court rejected Mr. Stone's

argument, holding that "the gravamen of the action was the conversion of the lumber and the railroad ties manufactured out of such trees; and a judgment was asked, not for the trespass, but for the value of the personal property so converted by the defendant." *Id*.

Here, too, the gravamen of the action is transitory. Just as in *Stone*, the claims in this case are related to disagreements about a plot of land. But the government in *Stone* pursued a claim for conversion, which is transitory, rather than for trespass, which is local. Similarly, the Plaintiff in this case does not ask the Court to settle any claim *in rem*. They do not, for example, ask the Court to determine title to the land. Instead, just as the government in *Stone* sought damages for conversion, Here, Plaintiff seeks damages for alleged fraud, breach of contract, negligent misrepresentation, and breaches of the UTPA and ICPA—all transitory violations that "might have taken place anywhere." *See Livingston*, 15 Fed. Cas. at 664.

Defendants suggest that claims closely associated with real property constitute local, or *in rem*, actions. Courts routinely reject this suggestion. *See, e.g.*, *Massie v. Watts*, 10 U.S. 148, 158 (1810) ("[T]he principles of equity give a court jurisdiction wherever the person may be found, and the circumstance, that a question of title may be involved in the inquiry, and may even constitute the essential point on which the case depends, does not seem sufficient to arrest that jurisdiction." (Marshall, C.J.)); *Ernest Bock, LLC v. Steelman*, 2022 WL 612615, at *2 (D. Nev. Mar. 2, 2022) ("[A]lthough fraudulent transfer may implicate a property's ownership, it is an *in personam* claim against the alleged fraudster."), *rev'd on other grounds*, 76 F.4th 827 (9th Cir. 2023); *Tap Rock Res., LLC v. Marathon Oil Permian LLC*, 704 F. Supp. 3d 1194, 1202 (D.N.M. 2023) ("A court, acting pursuant to *in personam* jurisdiction of a transitory action can order a remedy that affects real property."); *Amerada Hess Corp. v. Garabedian*, 416 Mass. 149, 151 (1993) ("An action based on fraud, trust, or contract is transitory, although lands not within the

jurisdiction of the court may be affected by the decree." (quotation omitted)). It is not the closeness of a claim's relationship with real property that determines whether it is *in rem* or *in personam*, local or transitory. Rather, it is the nature of that relationship. An action is *in rem* where the remedy sought "act[s] directly upon the land itself." *See United States v. Byrne*, 291 F.3d 1056, 1060-61 (9th Cir. 2002). Here, Plaintiff seeks remedies that do not bear directly on the land. They seek treble damages and attorney fees, not a ruling on the title or use of the property.[3]

Relatedly, citing IDAHO CODE § 5-401, Defendants argue that "Idaho law requires that all actions relating to real property, including for any injuries on it, be tried in the county in which the real property (or a part thereof) is situated." Mot. to Dismiss at 6. This is a misleading summary of the statute. By its text, Idaho law demands that cases regarding real property be tried in the county in which that property is situated only in three circumstances:

> 1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest and for injuries *to* real property.
>
> 2. For the partition of real property.
>
> 3. For the foreclosure of a mortgage of real property. Where the real property is situated partly in one county and partly in another,

---

[3] Defendants argue that Plaintiff's request for reformation of the financing loan agreement bears directly on the land because "[s]aid loan is secured by a Deed of Trust recorded on January 6, 2025." Mot. to Dismiss at 4. But a court may exercise *in personam* jurisdiction over a person even if doing so indirectly acts upon real property in another state. *Fall v. Eastin*, 215 U.S. 1, 8 (1909). Reformation of a contract is generally an *in personam* action. *See Tap Rock Res.*, 704 F. Supp. 3d at 1201-02. Moreover, the reformation that Plaintiff seeks here is far from the "gravamen of the action." *See Stone*, 167 U.S. at 182. Rather, it is a device by which the Court might enforce a judgment on the alleged misrepresentations and omissions that are at the core of Plaintiff's complaint—a request for relief incidental to the real property associated with the claims that will not require the Court to make any determination directly bearing on the property itself.

PAGE 9 – ORDER

>the plaintiff may select either of the counties, and the county so selected is the proper county for the trial of such action.

*Id.* (emphasis added). It is undisputed that Plaintiff does not seek recovery, partition, or foreclosure of the Gotham Estates lot. Whereas Defendants claim that the statute requires local prosecution of injuries *on* the land, which might include associated contractual disputes, it merely requires local prosecution of injuries *to* the land. This suggests that § 5-401 is a codification of the local action doctrine, where only actions acting directly upon the land must be brought in the local county. Indeed, the Idaho Supreme Court has confirmed this conclusion. *See Jarvis v. Hamilton*, 73 Idaho 131, 134 (1952) (holding that § 5-401 "is effective only when real property or the title thereto is the primary subject matter of the action"). As discussed, real property or title thereto is not the primary subject matter of this action.

Similarly, Defendants suggest in a footnote that Oregon state law prohibits the Court from hearing this case. Mot. to Dismiss at 6 n.2. But the statute they cite, Oregon Revised Statutes § 14.030, denies jurisdiction only over suits regarding "the specific recovery of real property situated without this state, or for an injury thereto." Once again, this suit does not seek recovery of real property and does not deal with any injuries to real property. Thus, this Oregon statute does not remove the Court's jurisdiction over this case.

In summary, Defendants argue that Plaintiff asks the Court "to declare rights and interests in Idaho real property and to alter the legal effect of recorded Idaho-secured obligations." Reply at 3. That is not what Plaintiff asks. Nothing in the claims or the requested relief require the Court to declare rights or interests in the lot at Gotham Estates. Fundamentally, the Complaint asks the Court to determine whether Defendants disclosed to Plaintiff during the sale of the Property all that the law demanded Defendants disclose. The Court need not have control over

the land in order to make that determination. Therefore, the local action doctrine does not apply to this case.

Plaintiff has established subject matter jurisdiction. Accordingly, the Court DENIES Defendants' Motion to Dismiss. ECF 5.

**IT IS SO ORDERED.**

DATED this 27th day of October, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge